**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| WELLS FARGO BANK, N.A. AS TRUSTEEFOR THE CERTIFICATEHOLDERS OFBANC OF AMERICA FUNDINGCORPORATION, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2005-B,<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>Defendant. | 2:20-cv-01277-GMN-VCF<br>**ORDER GRANTING IN PART MOTION TO STAY, ECF. No 14** |

Before the court is SFR Investments Pool 1., LLC's Motion to Stay Litigation Pending its Motion to Dismiss [ECF No.10] (ECF No. 14). For the reason's discussed below, the motion is granted in part.

Because SFR's motion to dismissed is based on a statute of limitation defense, SFR requests a stay of all discovery. *Id.* Plaintiff's response was a limited opposition. Plaintiff argues that there are a number of ways around the statute of limitations defense. (ECF No. 16). Plaintiff also states that the precise issue raised in the pending motion to dismiss in this case is pending before the Nevada Supreme Court, as certified by the Ninth Circuit. Plaintiff requests that the court deny SFR's Motion to Stay, "only to the extent that [plaintiff] should be allowed to continue its efforts to subpoena third parties for relevant documents…."

SFR did not file a reply and the time to reply has passed. Under LR 7-2(b), the deadline to file and serve any reply in support of the motion is seven days after service of the response. Since no reply was filed, it would seem that SFR agrees with Plaintiff's limited opposition.

When determining whether a stay is appropriate pending the resolution of another case, the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of

the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

Applying the Lockyer factors, the court finds allowing only third-party discovery to proceed in this case, pending resolution of SFR's Motion to Dismiss, ECF No. 10, properly balances the possible damage that might result from a complete stay of discovery with any adverse consequences caused by this limited discovery.

Accordingly,

IT IS HEREBY ORDERED THAT SFR Investments Pool 1., LLC's Motion to Stay Litigation Pending its Motion to Dismiss [ECF No.10] (ECF No. 14) is GRANTED IN PART.  Discovery is STAYED, except that the parties may subpoena third parties for relevant documents.

In the event resolution of Defendant's motion to dismiss (ECF No. 10) does not result in the disposition of this case, the parties must file a new joint discovery plan within 14 days of the issuance of the order deciding that motion.

IT IS FURTHER ORDERED THAT the Proposed Joint Discovery Plan and Scheduling Order, ECF No. 15, is DENIED without prejudice to the parties conducting the limited discovery permitted by this order during the pendency of the Motion To Dismiss.

DATED this 29th day of December, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE