**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF BANC OF AMERICA FUNDING CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-B,<br><br>          Plaintiff,<br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>          Defendant. | Case No.: 2:20-cv-01277-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 10), filed by Defendant SFR Investments Pool 1, LLC ("SFR"). Plaintiff Wells Fargo Bank, N.A. as Trustee for the Certificateholders of Banc of America Funding Corporation, Mortgage Pass-Through Certificates, Series 2005-B ("Wells Fargo") filed a Response, (ECF No. 12), to which Defendant filed a Reply, (ECF No. 13).

For the reasons discussed below, the Court **GRANTS** SFR's Motion to Dismiss.

**I.**     <u>**BACKGROUND**</u>

This case arises from the non-judicial foreclosure sale of the real property located at 5437 Dianthus Court, North Las Vegas, Nevada 89031 (the "Property"). (Compl. ¶ 2, ECF No. 1). On February 8, 2005, Jason S. Parker and Julie L. Parker (collectively, "Borrowers") financed their purchase of the Property by way of a $216,000.00 loan secured by a DOT identifying Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id*. ¶¶ 8–9).

Plaintiff is the current beneficiary of the DOT and holder of the note secured by the DOT. (*Id*. ¶ 10).

On June 4, 2010, upon Borrowers' failure to stay current on their loan obligations, Arbor Park Community Association ("HOA") initiated foreclosure proceedings on the Property through its agent, Alessi & Koenig, LLC ("Alessi & Koenig"). (*Id*. ¶ 11). On December 15, 2010, HOA via Alessi & Koenig recorded a Notice of Default and Election to Sell. (*Id*. ¶ 13). On August 26, 2011, Miles Bauer Bergstrom and Winters, LLP on behalf of Bank of America, N.A. tendered $486.00 to Alessi & Koenig and HOA to satisfy the superpriority portion of the HOA's lien, which Alessi & Koenig rejected. (*Id*. ¶¶ 14, 17). On April 16, 2012, HOA recorded a Notice of Sale. (*Id*. ¶ 20). On July 11, 2012, HOA, through Alessi and Koenig, proceeded with the foreclosure sale, whereby HOA acquired its interest in the Property. (*Id*. ¶ 21). HOA then conveyed the Property to SFR via quitclaim deed on March 13, 2013. (*Id*. ¶ 23).

Plaintiff Wells Fargo filed its Complaint on July 9, 2020, asserting a quiet title/declaratory relief claim against SFR. (*See id.*). SFR then filed the instant Motion to Dismiss, (ECF No. 10).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

## III. DISCUSSION

SFR moves to dismiss Plaintiff's Complaint, arguing that its claims are time-barred under all the applicable statute of limitations given that Plaintiff filed this suit almost eight years after the sale of the Property. (SFR's Mot. Dismiss ("MTD") 2:5–15, ECF No. 10). Plaintiff, in response, argues that a claim based on rejected tender is not subject to any limitations period. (Resp. to MTD 2:10–17, ECF No. 12). Further, a declaratory relief claim is also not subject to any statute of limitations. (*Id.* 2:18–19).

Plaintiff's claim is untimely regardless of which statute of limitations applies—namely, the three-year limitation under NRS 11.190(3)(a), the four-year limitation under NRS 11.220, or the five-year limitation under NRS 11.070. *See Deutsche Bank Nat'l Tr. Co. v. SFR Invs. Pool 1, LLC,* No. 2:17-cv-02638-GMN-GWF, 2019 U.S. Dist. LEXIS 54969, at *3 (D. Nev. Mar. 31, 2019) (discussing all applicable statute of limitations relating to an HOA foreclosure sale); *see also Nationstar Mortg. LLC v. Safari Homeowners Ass'n*, No. 2:16-cv-02542-RFB-CWH, 2019 U.S. Dist. LEXIS 2214, at *6 (D. Nev. Jan. 5, 2019). The foreclosure sale took place on July 11, 2012, and Plaintiff filed its Complaint on July 9, 2020, almost eight years after the initial sale. (*See* Compl. ¶ 21). Even under the most lenient statute of limitations, Plaintiff untimely filed its claim.

Furthermore, Plaintiff's arguments that no statute of limitations applies are unpersuasive. Plaintiff first argues that no statute of limitations applies for a claim based on tender. (Pl.'s Resp. to MTD 4:23–6:6). The caselaw Plaintiff relies on, *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113 (Nev. 2018), does not discuss statute of limitations. *See Bank of Am., N.A.*, 427 P.3d at 119. Plaintiff also attempts to reconfigure its claim as a request for equitable relief. (Pl.'s Resp. to MTD 6:7– 8:4). The Ninth Circuit, in *Carrington Mortg. Servs., LLC v. SFR Invs. Pool 1, LLC*, 799 F. App'x 535, 536 (9th Cir. 2020), explicitly rejected Plaintiff's argument. Specifically, the Ninth Circuit stated that

"[r]egardless of how [the plaintiff] labels the relief sought, it is not requesting a declaration that it can use as a shield against ongoing and future harm. Thus, cases stating that prospective equitable relief cannot be time-barred are inapplicable here." *Id*. Given that a statute of limitations applies in Plaintiff's case and Plaintiff untimely filed suit under any applicable statute of limitations, the Court grants SFR's Motion to Dismiss.[1]

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that SFR's Motion to Dismiss, (ECF No. 10), is **GRANTED**.

The Clerk of Court is instructed to close the case.

**DATED** this __13__ day of September, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[1] Given that Plaintiff's claim is barred as a matter of law, the Court denies leave to amend. While Federal Rule of Civil Procedure 15(a)(2) counsels that courts should "freely" give leave to amend, a court need not do so when amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Because the statute of limitations has run on Plaintiff's sole substantive cause of action, the Court finds that amendment would be futile.