**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:20-cv-01277-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| SFR INVESTMENTS POOL 1, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion for Relief from Judgment and for Indicative Ruling, (ECF Nos. 25, 26), filed by Plaintiff Wells Fargo Bank, N.A. ("Plaintiff"). Defendant SFR Investments Pool 1, LLC ("Defendant") filed a Response, (ECF No. 27), to which Plaintiff filed a Reply, (ECF No. 30).

For the reasons set forth below, the Motion for Relief from Judgment and for Indicative Ruling is **DENIED**.

**I.     BACKGROUND**

This case arises from the non-judicial foreclosure sale of the real property located at 5437 Dianthus Court, North Las Vegas, Nevada, 89031. (Compl. ¶ 2, ECF No. 1). The Court set forth the facts leading up to the foreclosure sale in its previous Order, (ECF No. 18). Plaintiff filed its Complaint on July 9, 2020, asserting a quiet title/declaratory relief claim against SFR. (*See* Compl., ECF No. 2). On September 13, 2021, the Court granted Defendant's Motion to Dismiss. (Order, ECF No. 18).  The Court found that "Plaintiff's claim is untimely regardless of which statute of limitations applies" because the "foreclosure sale took place on July 11, 2012, and Plaintiff filed its Complaint on July 9, 2020, almost eight years after the initial sale." (Order 4:8–16) (considering the three-year limitation under NRS § 11.190(3)(a), the four-year limitation under NRS § 11.220, or the five-year limitation under NRS § 11.070).

1  Plaintiff's appeal of this Order remains pending before the Ninth Circuit. (*See* Not. of Appeal,
2  ECF No. 20).  Now before the Court is Plaintiff's Motion for Relief from Judgment pursuant to
3  Rule 60(b) of the Federal Rules of Civil Procedure, (ECF No. 25).  Plaintiff argues that this
4  Court's dismissal of its claim on timeliness grounds should be revisited in light of the Supreme
5  Court of Nevada's intervening decision in *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 503
6  P.3d 299 (Nev. 2022).

## II.      LEGAL STANDARD

As an initial matter, this Court is without jurisdiction to rule upon a motion seeking relief from judgment while Plaintiff's case is on appeal to the Ninth Circuit. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (concluding that district court lacked jurisdiction over petitioner's Rule 60(b) motion filed subsequent to notice of appeal).  Even so, a party may "ask the district court for an indication that it is willing to entertain a Rule 60(b) motion. If the district court gives such an indication, then the party should make a motion in the Court of Appeals for a limited remand to allow the district court to rule on the motion." *Sierra Pac. Indus. v. Lyng*, 866 F.2d 1099, 1113 n. 21 (9th Cir. 1989); *see also Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772 (9th Cir. 1986).

This practice has been adopted by the Federal Rules of Civil Procedure.  Rule 62.1(a) states, "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  The third option is often referred to as an "indicative ruling." *See* Fed. Ct. App. Manual § 15:12.5 (5th ed.).  With this in mind, the court will address Plaintiff's motion for relief under Rule 60(b) despite lacking jurisdiction to rule upon it.

///

Federal Rule of Civil Procedure 60(b) permits a court to set aside its order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud;
> (4) the judgment is void;
> (5) the judgment has been satisfied released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60. The Ninth Circuit has limited the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; or (3) an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). In general, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

### III. DISCUSSION

Plaintiff argues that the recent *Thunder Properties* decision warrants reconsideration of the Court's Order dismissing Plaintiff's claim. In *Thunder Properties*, the Nevada Supreme Court clarified that "the statute of limitations does not begin to run until the titleholder affirmatively repudiates the lien, which does not *necessarily* happen at the foreclosure sale." 503 P.3d at 302 (emphasis added). This Court's Order assumed that the statute of limitations period—whatever it may be—began to run on the date of the foreclosure sale: July 11, 2012. (Order 4:8–17).

Plaintiff, however, does not assert that reconsideration is warranted because the Court falsely assumed that a foreclosure sale triggers the statute of limitations. Rather, Plaintiff asserts that "the Nevada Supreme Court confirmed that there is no statute of limitations

applicable to a bank's tender or futility of tender claim." (Mot. Indicative Ruling 7:26–27, ECF No. 25). But Plaintiff's sole claim in this case is a claim for Quiet Title/Declaratory Relief; According to *Thunder Properties*, the four-year catch-all statute of limitations under NRS § 11.220 applies to such actions for declaratory relief.

Thus, the Court disagrees with Plaintiff that the Court's Order finding Plaintiff's claim time-barred is clearly wrong in light of *Thunder Properties*. Although the Court acknowledges that *Thunder Properties* calls into question the Court's reasoning, the Court declines to enter an indicative ruling on this matter. Accordingly, the Court DENIES Plaintiff's Motion.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Relief from Judgment and for Indicative Ruling, (ECF Nos. 25, 26), is **DENIED**.

**DATED** this __26__ day of May, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court