UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, NA., <br><br> Plaintiff, <br><br> vs. <br><br> SFR Investments Pool 1, LLC, <br><br> Defendant. | Case No.: 2:20-cv-01277-GMN-EJY <br><br> **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 57), filed by Plaintiff Wells Fargo Bank, N.A. as Trustee for the Certificateholders of Bank of America Funding Corporation, Mortgage Pass-Through Certificates, Series 2005-B. Defendant SFR Investments Pool 1, LLC did not respond and the deadline to do so has passed. Because there is no genuine dispute of facts that the bank tendered the full superpriority lien amount, the Court GRANTS Wells Fargo's Motion for Summary Judgment on its quiet title claim.

I.    **BACKGROUND**

In 2010, the original owners of 5437 Dianthus Court (the "Property") fell behind on their payments to the Arbor Park Community Association ("HOA"). (Compl. ¶¶ 2, 8–11, ECF No. 1); (Notice of Lien, Ex. 3 to Mot. Summ. J. ("MSJ"), ECF No. 57-3).[1] The HOA subsequently initiated foreclosure proceedings on the Property through its agent Alessi & Koenig, LLC, recording a Notice of Default and Election to Sell on the Property through its agent, Alessi & Koenig, LLC. (Notice of Default, Ex. 5 to MSJ, ECF No. 57-5). There were no maintenance

---

[1] Wells Fargo requests the Court take judicial notice of several documents (Exhibits 1, 2, 3, 5, 8, 9, and 10 to its Motion for Summary Judgment) that were recorded in the Official Records of the Clark County Recorder's Office. (MSJ 4:1–11, ECF No. 57). Because a court may take judicial notice of publicly recorded documents, the Court grants that request and takes judicial notice of those publicly recorded documents. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004),

and nuisance abatement charges due. (Resident Transaction Detail, Ex. 4 to MSJ, ECF No. 57-4).  Bank of America was the holder of the first deed of trust on the property at the time.  Through Miles Bauer, Bank of America tendered $486.00 to Alessi to satisfy the superpriority portion of the HOA's lien. (Miles Bauer Letter to A&K, Ex. 6 to MSJ, ECF No. 57-6).  Alessi did not respond to the tender. (Miles, Bergstrom & Winters, LLP Affidavit, Ex. 7 to MSJ, ECF No. 57-7).

Thereafter, Alessi recorded a Notice of Trustee's Sale against the Property on behalf of the HOA and proceeded with a non-judicial foreclosure sale where the HOA acquired its interest in the Property. (Not. Trustee's Sale, Ex. 8 to MSJ, ECF No. 57-8); (Trustee's Deed Upon Sale, Ex. 9 to MSJ, ECF No. 57-9).  The HOA then conveyed the Property to SFR via quitclaim deed on March 13, 2013. (Quitclaim Deed, Ex. 10 to MSJ, ECF No. 57-10).

The Court previously granted SFR's Motion to Dismiss in an Order that was later vacated following the Nevada Supreme Court's decision in *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 503 P.3d 299 (Nev. 2022). (Mandate, ECF No. 35).  Wells Fargo, the current beneficiary of the Deed of Trust, now moves for summary judgment on its quiet title/declaratory relief claim against SFR.

II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *See id.*  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or

judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quotation marks and citation omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is

sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.  In other words, the nonmoving party cannot avoid summary judgment by "relying solely on conclusory allegations unsupported by factual data." *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. DISCUSSION

Wells Fargo argues that its predecessor-in-interest's tender of $486.00, which consists of nine months' worth of assessments, operated to discharge the HOA's superiority lien. (MSJ 4:22–7:18, ECF No. 57).  Wells Fargo relies on *Bank of America v. SFR Investments Pool 1, LLC* ("*Diamond Spur*"), in which the Nevada Supreme Court sitting en banc held that a nearly identical "tender cured the default as to the super priority portion of the HOA's lien, [so] the HOA's foreclosure on the entire lien resulted in a void sale as to the superiority potion.

Accordingly, the HOA could not convey full title to the property, as [the] first deed of trust remained after foreclosure . . . [and the foreclosure-buyer] purchased the property subject to [the] deed of trust." 427 P.3d 113, 121 (Nev. 2018).  Just as in this case, the Miles Bauer firm tendered nine months' worth of assessments to the HOA, and the HOA nevertheless proceeded to sell the property at foreclosure.

As the *Diamond Spur* court explained, under Nevada law, "[a] valid tender of payment operates to discharge a lien or cure a default." 427 P.3d at 117.  Valid tender requires payment in full. *Id.*  The superpriority portion of an HOA lien includes "only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id.* (citing *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 412 (Nev. 2014); *Horizons at Seven Hills v. Ikon Holdings*, 373 P.3d 66, 72 (Nev. 2016)).

*Diamond Spur* is dispositive of this case.  The record shows undisputedly that the Miles Bauer firm validly tendered the full amount of the superpriority lien to the HOA.  According to the payoff ledger Alessi provided Miles Bauer, the HOA's monthly assessments were $49 per month from January 2008 through December 2010 and increased to $54 per month starting January 1, 2011. (Res. Trans. Detail, Ex. 4 to MSJ).  Therefore, nine months of unpaid assessments would amount to a maximum of $486.  Because Wells Fargo's evidence shows that no additional amount was needed for maintenance or nuisance abatement charges, the $486 tender was sufficient to satisfy the superiority portion of the HOA's lien.  SFR presents no evidence to rebut that showing; thus, the Court concludes that Wells Fargo is entitled to summary judgment.

As the Nevada Supreme Court explained in *Diamond Spur*, the foreclosure sale on the entire lien resulted in a void sale as to the superpriotiy portion, the "first deed of trust remained after foreclosure," and "the HOA could not convey full title to the property." 427 P.3d at 121.

Wells Fargo is therefore entitled to summary judgment on its quiet title claim and a declaration that SFR purchased the property subject to the deed of trust.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Wells Fargo's Motion for Summary Judgment, (ECF No. 57), is GRANTED. Summary judgment is granted in favor of Plaintiff Wells Fargo Bank, N.A. as Trustee for the Certificateholders of Bank of America Funding Corporation, Mortgage Pass-Through Certificates, Series 2005-B on its equitable quiet-title claim based on valid tender.

The Clerk of Court is kindly directed to enter final judgment in favor of Plaintiff Wells Fargo Bank, N.A. as Trustee for the Certificateholders of Bank of America Funding Corporation, Mortgage Pass-Through Certificates, Series 2005-B, declaring that Defendant SFR Investments Pool 1, LLC purchased the property at 5437 Dianthus Court, North Las Vegas, Nevada, 89031 subject to the deed of trust recorded in the Clark County records on 02/08/2005 as Document Number 20050208-0002681.

The Clerk of Court is also kindly directed to close this case.

**DATED** this   13   day of January, 2026.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT